Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## UNITED STATES DISTRICT COURT
### for the
__Southern__ District of __Texas____

____Houston_____ Division

United States Courts
Southern District of Texas
FILED

*May 26, 2026*

Nathan Ochsner, Clerk of Court

Charles Douglas Hoffpauir
519 Northwood Dr
Conroe, Texas 77303

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes ☐No

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-

Alight Solutions, LLC
320 South Canal Street, 50th Floor, Suite 5000
Chicago, Illinois 60606

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Charles Douglas Hoffpauir |
| Street Address | 519 Northwood Dr. |
| City and County | Conroe, Montgomery County |
| State and Zip Code | Texas 77303 |
| Telephone Number | 281-520-5533 |
| E-mail Address | choff26@icloud.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Alight Solutions, LLC |
| Job or Title *(if known)* | Senior Counsel |
| Street Address | 320 South Canal Street, 50th Floor, Suite 5000 |
| City and County | Chicago, Cook County |
| State and Zip Code | Illinois 60606 |
| Telephone Number | (315) 882-3727 |
| E-mail Address *(if known)* | James.Bova@alight.com |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

C.    **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Alight Solutions, LLC |
| Street Address | 8770 New Trails Drive |
| City and County | The Woodlands, Montgomery County |
| State and Zip Code | Texas 77381 |
| Telephone Number | (281) 363-0456 |

II.    **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:
(OSHA/Title I of ACA) 29 U.S.C. § 218c.

☑    Relevant state law *(specify, if known)*:

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☑    Failure to promote me.

☐    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☑    Other acts *(specify)*:    Harassment (Vicarious Liability); Title I of the ACA

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

(2023) March, May, July, Sept; (2024) Jan, Feb, March

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☑    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑    race    Caucasian

☑    color    white

☑    gender/sex    male

☐    religion

☐    national origin

☐    age *(year of birth)*    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

E.    The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See attached document "Civil Complaint_Employment"

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
May 08, 2024

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)*    **02/24/2026**    .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See attached document "Civil Complaint_Employment"

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:         05/21/2026

Signature of Plaintiff

Printed Name of Plaintiff      Charles Hoffpauir, Pro Se

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

CHARLES DOUGLAS HOFFPAUIR,

Plaintiff,

v.

ALIGHT SOLUTIONS, LLC,

Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT FOR EMPLOYMENT

DISCRIMINATION AND DEMAND FOR JURY TRIAL

Plaintiff Charles Douglas Hoffpauir, proceeding pro se, files this Complaint

against his former employer, Defendant Alight Solutions, LLC, and alleges as

follows:

Civil Complaint Facts

## I. PARTIES

1.      Plaintiff Charles Douglas Hoffpauir is an individual residing in Conroe,

Montgomery County, Texas.

2.      Defendant Alight Solutions, LLC (hereafter "Alight") is a business entity

authorized to do business in Texas and employed Plaintiff during the period

relevant to this action.

3.      Defendant may be served through its authorized agent in Texas:

    Corporation Service Company
    d/b/a CSC – Lawyers Incorporating Service Company
    211 E. 7th Street, Suite 620
    Austin, TX 78701-3218
    (512) 397-1550

## II. JURISDICTION AND VENUE

4.      This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e et seq., and 29 U.S.C. § 218c.

5.      This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this District.

2

Civil Complaint Facts

## III. ADMINISTRATIVE EXHAUSTION

7.    Plaintiff filed Charge No. 460-2024-05109 with the Equal Employment Opportunity Commission.

8.    The EEOC issued a Notice of Right to Sue, which Plaintiff received on February 24, 2026.

9.    Plaintiff filed this lawsuit within 90 days after receiving the Notice of Right to Sue.

10.    Plaintiff also submitted a request for reconsideration to the EEOC on March 19, 2026, which does not toll the 90-day time limit to file in federal court.

## IV. EMPLOYMENT HISTORY

11.    Plaintiff worked for Defendant for approximately 18 years, from 2005 until March 6, 2024.

12.    At the time of his termination, Plaintiff was employed as an HPS Advocate III in Defendant's Advocacy Department at the Alight physical location in The Woodlands, Montgomery County, Texas.

13.    Plaintiff supported employees of Starbucks Coffee Company (hereafter "Starbucks") with benefit inquiries and had done so since approximately 2016.

3

Civil Complaint Facts

14. In 2018, Plaintiff was promoted to HPS Advocate III and took on additional responsibilities, including client-specific projects, training, escalation handling, and reporting.

## V. STATEMENT OF FACTS

15. In February 2023, Plaintiff applied for a promoted Client Specialist position and interviewed for the role.

16. On March 1, 2023, Plaintiff was informed that he was no longer considered for the position.

17. On March 6, 2023, Plaintiff's supervisor, Alison Howard, notified the department that Ms. Marks, HPS Advocate II, had been selected.

18. On March 13, 2023, Ms. Howard issued three reprimands: a final warning from Human Resources alleging that Plaintiff violated a security protocol (hereafter "security violation"), denial of a merit increase, and placement on a performance improvement plan.

19. Plaintiff was accused of "causing problems" when he disenrolled people from an Aetna supplemental benefit to justify the performance improvement plan.

20. Plaintiff successfully met the objectives of the performance improvement plan and was released from it on April 11, 2023.

4

Civil Complaint Facts

21.    In May and July 2023, Plaintiff met with Ms. Howard, and at each interaction, she told Plaintiff to "find a new job."

22.    In July 2023, Ms. Howard contacted HR requesting that Plaintiff be transferred, claiming he was no longer a good fit and was noncompliant with a contractual agreement with Starbucks by refusing to ask Starbucks employees, "Do you plan on getting pregnant next year?" while conducting an enrollment with an employee. HR denied their transfer request.

23.    On September 19, 2023, Plaintiff submitted a written complaint to Renee Matthes, Ms. Howard's manager, regarding Ms. Howard's treatment of him and that she was setting him up to fail in order to separate him.

24.    On September 27, 2023, Ms. Howard gave Plaintiff a favorable review and stated that management viewed his performance as satisfactory, going so far as to ask him to mentor a struggling Advocate. Nonetheless, she still encouraged Plaintiff to find a new job.

25.    In November 2023, Plaintiff submitted a complaint to the Alight Solutions Ethics Department (hereafter "HR/Ethics") complaining about the final warning that Ms. Howard facilitated on behalf of HR.

5

Civil Complaint Facts

26.    On November 30, 2023, Ethics Investigator Kelley Tabor responded that Human Resources had no record supporting the alleged security-violation discipline.

27.    In January and February 2024, Plaintiff was subjected to increased scrutiny in reprisal for filing the internal complaint against Ms. Howard.

28.    On February 11, 2024, Plaintiff submitted a second internal complaint to HR/Ethics accusing Ms. Howard of harassment, retaliation, and discrimination.

29.    That complaint also raised an ACA-related whistleblower complaint (hereafter "ACA Title I" or "Whistleblower Complaint") that Alight was negligent and violated Title I of the Affordable Care Act when it was negligent with an enrollment, causing former Starbucks employees to complain that the enrollment was causing them to lose their need-based coverage (Medicaid, ACA/state exchange plan).

30.    On February 13, 2024, Alight Executive Vice President Allison Bassiouni informed a Starbucks executive that she was working with HR and "pushing to be more aggressive" in reviewing Plaintiff's work.

31.    Beginning February 19, 2024, Ms. Howard and Lisa Burkley, the Department Manager, threatened to terminate Plaintiff, claiming he had not sustained performance measures since April 2023.

## Civil Complaint Facts

32.    Plaintiff maintained his performance successfully, yet on March 1, 2024, Plaintiff was removed from the Starbucks account.

33.    On March 5, 2024, Ms. Tabor, HR/Ethics investigator, told Plaintiff that his harassment complaint against Ms. Howard was active, and he should take whatever external action he considered appropriate with the Whistleblower Complaint because "it was none of our business."

34.    On March 6, 2024, Ms. Howard terminated Plaintiff's employment.

35.    Plaintiff contends that after his complaints about harassment, retaliation, and the ACA Whistleblower Complaint, Alight failed to take reasonable care to promptly correct the harassment. Additionally, the Executive Vice President directed the Plaintiff's immediate management to create a hostile work environment but-for the Plaintiff reporting an ACA Whistleblower Complaint, leading to the Plaintiff's removal from the account, and termination.

## VI. CAUSES OF ACTION

## Count I - Title VII Sex/Gender Discrimination

36.    Plaintiff realleges paragraphs 1 through 35.

37.    Defendant treated Plaintiff less favorably because of sex/gender, working conditions, and opportunities.

38.    Similarly situated female employees were promoted and paid more for substantially similar work.

## Count II - Title VII Harassment and Retaliation

39.    Plaintiff realleges paragraphs 1 through 35.

40.    Plaintiff engaged in protected activity by opposing discriminatory conduct and complaining internally about harassment, discrimination, and the ACA Whistleblower Complaint.

41.    Because Plaintiff reported the misconduct, Defendant increased scrutiny of Plaintiff's work, removed him from the Starbucks account, and terminated his employment.

Civil Complaint Facts

## Count III - Title VII Hostile Work Environment

42.    Plaintiff realleges paragraphs 1 through 35.

43.    Ms. Howard repeatedly told Plaintiff to find another job, criticized his work, and subjected him to escalating scrutiny after he complained.

44.    Defendant failed to promptly correct the conduct after receiving notice.

## Count IV - Retaliation Under 29 U.S.C. § 218c

45.    Plaintiff realleges paragraphs 1 through 35.

46.    Plaintiff engaged in protected activity by raising an ACA Whistleblower Complaint.

47.    Defendant knew of the complaint and chose not to investigate by claiming "it was none of our business".

48.    Defendant removed Plaintiff from the Starbucks account and terminated his employment after that complaint.

## VII. DAMAGES

49.    As a result of Defendant's conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, and other damages.

50.    Plaintiff seeks the relief requested below, including back pay, front pay or reinstatement, compensatory damages, punitive damages where allowed by law, costs, interest, and any other relief the Court deems proper.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief under Title VII and 29 U.S.C. § 218c:

A. Reinstatement to his former position or a substantially equivalent position, with restoration of seniority and benefits;

B. In the alternative, front pay for an appropriate period;

C. Back pay, including lost wages, overtime, and lost benefits;

D. Compensatory damages for emotional distress and other nonpecuniary losses;

E. Punitive damages to the extent permitted by law;

F. Costs, prejudgment interest, and postjudgment interest as allowed by law, including a 50% gross-up for income taxes; and

G. Such other and further relief as the Court deems just and proper.

Civil Complaint Facts

## IX. JURY DEMAND

51.    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Charles Hoffpauir, Pro Se Plaintiff

519 Northwood Dr.

Conroe, TX 77303

(281) 520-5533

choff26@icloud.com

11