**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
FILED
OCT 06 2026
Nathan Ochsner, Clerk of Court

**CHARLES DOUGLAS HOFFPAUIR,** )
Plaintiff, )
)
v. ) Civil Action No. 4:26-cv-04191
)
**ALIGHT SOLUTIONS, LLC,** )
Defendant. )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND, ALTERNATIVELY, REQUEST FOR LEAVE TO AMEND**

Plaintiff Charles Douglas Hoffpauir, proceeding pro se, opposes Defendant Alight Solutions, LLC's Motion to Dismiss, Doc. 14. Plaintiff respectfully asks the Court to deny the motion. If the Court finds a claim insufficiently pleaded or identifies a curable defect, Plaintiff requests leave to amend rather than dismissal with prejudice.

# TABLE OF AUTHORITIES

## Cases


| Authority | Page(s) |
|---|---|
| **Ashcroft v. Iqbal,** 556 U.S. 662 (2009) | 5 |
| **Burlington N. & Santa Fe Ry. Co. v. White,** 548 U.S. 53 (2006) | 10 |
| **Cicalese v. Univ. of Tex. Med. Branch,** 924 F.3d 762 (5th Cir. 2019) | 5, 8 |
| **Crawford v. Metro. Gov't of Nashville & Davidson County,** 555 U.S. 271 (2009) | 9 |
| **Erickson v. Pardus,** 551 U.S. 89 (2007) | 6 |
| **Haines v. Kerner,** 404 U.S. 519 (1972) | 6 |
| **Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,** 594 F.3d 383 (5th Cir. 2010) | 5 |
| **Pacheco v. Mineta,** 448 F.3d 783 (5th Cir. 2006) | 12 |
| **Sanchez v. Standard Brands, Inc.,** 431 F.2d 455 (5th Cir. 1970) | 12 |
| **Swierkiewicz v. Sorema N.A.,** 534 U.S. 506 (2002) | 5, 8 |
| **Univ. of Tex. Sw. Med. Ctr. v. Nassar,** 570 U.S. 338 (2013) | 8, 10 |


## Statutes


| Authority | Page(s) |
|---|---|
| **15 U.S.C. § 2087(b)** | 13 |
| **29 U.S.C. § 218c(a)** | 13 |
| **42 U.S.C. § 2000e et seq.** | 9 |


## Rules


| Authority | Page(s) |
|---|---|
| **Fed. R. Civ. P. 8(a)(2)** | 5 |
| **Fed. R. Civ. P. 12(b)(6)** | 5, 6 |
| **Fed. R. Civ. P. 15(a)(2)** | 6, 13 |

**I. Preliminary statement**

Alight's motion asks the Court to dismiss Plaintiff's claims for sex discrimination, Title VII retaliation, hostile work environment, and retaliation under the Affordable Care Act's whistleblower provision. The central retaliation theory is that Plaintiff's February 11, 2024 HR/Ethics complaint accused Ms. Howard of harassment, retaliation, and discrimination and raised an ACA-related concern. The complaint alleges that scrutiny increased, managers threatened termination beginning February 19, Plaintiff was removed from the Starbucks account on March 1, and Ms. Howard terminated him on March 6 while the Ethics matter remained active.

This is the pleading stage, not the stage at which Plaintiff must prove his case. The Court accepts well-pleaded facts as true and asks whether they plausibly support relief; it does not weigh competing evidence or decide whether Alight's explanation is ultimately correct. Plaintiff recognizes that he must plead facts, not just labels. His complaint also alleges that Ms. Howard repeatedly told him to find another job, criticized his work, and subjected him to escalating scrutiny after he complained. Plaintiff does not contend that retaliation or intimidation alone establishes a hostile work environment; that claim requires facts connecting the alleged harassment to sex and showing severe or pervasive conduct. Nor does Plaintiff ask the Court to excuse a failure to satisfy an administrative prerequisite or to treat an EEOC rebuttal or OSHA materials as a substitute for a required administrative filing. Plaintiff has fully satisfied the administrative prerequisite requiring a Notice of Right to Sue letter from the Equal Employment Opportunity Commission. Doc. 1-3.

Alight's motion inaccurately calls the operative pleading an "amended complaint." Plaintiff filed his **original complaint**, Doc. 1, on May 26, 2026; it has not been amended. That misdescription

does not change the governing standard, but the Court should assess the allegations in the original complaint actually on file.

Alight also says its EEOC charge, identified as "Ex. 1," shows that Plaintiff did not exhaust his hostile-work-environment claim. But the charge is not included in Doc. 14 as filed, and Doc. 14-1 is Alight's proposed order, not the charge. Plaintiff therefore cannot confirm Alight's description of the charge or responsibly represent what it says. He asks the Court to require the actual charge to be filed or otherwise made available before ruling on exhaustion. Plaintiff does not attach or rely on the EEOC rebuttal or OSHA materials as proof of his claims or as a substitute for any required administrative filing.

**Summary of Plaintiff's Claims**

Plaintiff principally alleges that Alight retaliated against him after his February 11, 2024 internal HR/Ethics complaint accusing Ms. Alison Howard of harassment, retaliation, and discrimination and raising a whistleblower concern under Title I of the ACA. The complaint alleges increased scrutiny, termination threats beginning February 19, removal from the Starbucks account on March 1, and termination on March 6, while the Ethics matter remained active. Doc. 1 ¶¶ 27–35. The complaint also alleges that in July 2023 Ms. Howard sought to have Plaintiff transferred because he refused to ask a Starbucks employee whether she planned to become pregnant the following year. Plaintiff relies on that allegation as the stated basis for an unsuccessful effort to remove or transfer him, not as his principal Title VII protected activity. His principal alleged Title VII protected activity is the February 11, 2024 complaint.

Doc. 1 alleges that on February 13, 2024, Executive Vice President Allison Bassiouni informed a Starbucks executive that she was working with HR and "pushing to be more aggressive" in reviewing Plaintiff's work. Doc. 1 ¶ 30. Plaintiff learned through a FOIA request, after the

EEOC concluded its investigation, of the communication and its details. He does not represent that FOIA materials were part of the original complaint beyond the communication alleged in Doc. 1 ¶ 30.

**II. Governing standard**

A complaint must provide a short and plain statement showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the Court accepts well-pleaded factual allegations as true and asks whether they plausibly support relief; it does not decide whether Plaintiff has already proved his claims or which account is more persuasive. Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court therefore should assess the events alleged in Plaintiff's original complaint, Doc. 1—including the February 11, 2024 internal complaint and the February–March events that followed—under the plausibility standard, not as evidence to be weighed against Alight's performance explanation.

In a Title VII case, the Court should not turn the *McDonnell Douglas* evidentiary framework into a heightened pleading checklist. A plaintiff need not plead every element of a prima facie case, but must allege facts supporting the ultimate elements of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765–67 (5th Cir. 2019). Those principles govern Plaintiff's allegations about the promotion decision, the internal complaint, and the ensuing employment actions; they do not require him to prove comparator similarity or causation before discovery.

Because Plaintiff is proceeding without counsel, the Court should construe his complaint liberally and hold it to less stringent standards than a pleading prepared by counsel. That principle supports reading Doc. 1's factual allegations together, but does not excuse compliance

with the Federal Rules or a legal prerequisite. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Plaintiff does not ask the Court to act as his lawyer or to treat material outside the complaint as proof on this Rule 12(b)(6) motion. If additional facts are necessary to cure a pleading defect, he requests leave to amend under Rule 15(a)(2).

**III. Response to Alight's numbered paragraphs and arguments**

**A. Paragraphs 1–7: The case and Plaintiff's allegations**

**Paragraph 1.** Plaintiff agrees that he filed this action on May 26, 2026. Doc. 1 is the original complaint—not an amended complaint. Alight's contrary reference does not alter the contents or procedural status of the pleading.

**Paragraphs 2–5.** These paragraphs identify the issues Alight raises. Plaintiff responds below to each: sex discrimination, Title VII harassment and retaliation, but-for causation, exhaustion of the hostile-work-environment claim, and retaliation under 29 U.S.C. § 218c.

**Paragraph 6.** Plaintiff disputes that all claims should be dismissed. The complaint alleges particular employment events and a sequence of internal complaints and adverse actions, not merely legal labels. Plaintiff relies on the alleged sequence as part of the factual basis for his claims, not as proof of liability.

**Paragraph 7.** Plaintiff agrees that this paragraph generally summarizes his allegations. The complaint asserts Title VII claims for sex discrimination, retaliation, and hostile work environment, as well as a separate retaliation claim under 29 U.S.C. § 218c.

**B. Paragraphs 8–9: The pleading standard**

**Paragraph 8.** Plaintiff agrees that the complaint must contain sufficient factual matter, accepted as true, to survive a motion to dismiss. The Court should not weigh evidence or demand proof at the pleading stage.

As to the claims addressed here, the complaint alleges that on February 11, 2024, Plaintiff complained to HR/Ethics of harassment, retaliation, and discrimination and raised an ACA-related concern. It alleges that on February 13 an Alight executive told a Starbucks executive she was "pushing to be more aggressive" in reviewing Plaintiff's work; that beginning February 19 managers threatened termination, claiming Plaintiff had not sustained performance measures; that Plaintiff was removed from the Starbucks account on March 1; that on March 5 the Ethics investigator told him his harassment complaint against Ms. Howard remained active; and that Ms. Howard terminated him on March 6. Doc. 1 ¶¶ 28–35.

The Court should assess those allegations together, accept well-pleaded facts as true, and draw reasonable inferences in Plaintiff's favor. Plaintiff relies on the allegations in Doc. 1, not on the EEOC rebuttal or other unfiled materials as proof.

**Paragraph 9.** Alight's motion also describes the complaint as "amended," although the operative pleading is Doc. 1, the original complaint. Plaintiff disputes Alight's characterization that the complaint offers only generalized legal standards; Doc. 1 includes a factual statement of events. The Court should assess those pleaded facts under the governing plausibility standard.

**C. Paragraphs 10–15: Sex discrimination, replacement, and comparators**

**Paragraph 10.** Plaintiff does not dispute that the *McDonnell Douglas* framework may guide the evidentiary analysis, but the prima facie framework is not a heightened pleading requirement. A plaintiff need not plead every element of a prima facie case; he must allege facts supporting the

ultimate elements of his claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765–67 (5th Cir. 2019). Plaintiff therefore asks the Court to assess the facts alleged in Doc. 1 under the ordinary pleading standard.

**Paragraph 11.** Alight argues that Plaintiff did not allege that a woman replaced him after his termination. But the complaint alleges a separate promotion decision: Plaintiff, an HPS Advocate III, applied for a Client Specialist position, was told on March 1, 2023, that he was no longer being considered, and learned on March 6 that Ms. Terra Marks, an HPS Advocate II, had been selected. The complaint also alleges that Ms. Howard issued Plaintiff a final warning, denied him a merit increase, and placed him on a performance-improvement plan on March 13, 2023. Doc. 1 ¶¶ 15–18. Plaintiff alleges that the discipline was used to hinder his advancement in favor of a female employee. The lack of an allegation identifying who assumed Plaintiff's duties after his termination does not dispose of the separate promotion claim.

**Paragraphs 12–13.** Plaintiff alleges that he was a 44-year-old man and an HPS Advocate III, that a female HPS Advocate II was selected for the position, and that he received a final warning, was denied a merit increase, and was placed on a performance-improvement plan shortly afterward. Doc. 1 ¶¶ 15–18. He relies on these pleaded facts as context for his sex-discrimination claim, not as a request to decide the evidentiary merits at the pleading stage.

The complaint also alleges that female employees were promoted and paid more for substantially similar work. Doc. 1 ¶¶ 37–38. Plaintiff is not asserting an Equal Pay Act claim; he cites the alleged compensation disparity as context for his Title VII sex-discrimination claim.

Plaintiff offers these allegations as factual support for his sex-discrimination claim and asks the Court to allow that claim to proceed.

**Paragraphs 14–15.** Alight argues that Plaintiff has not identified female comparators or alleged details about their circumstances. Plaintiff acknowledges that Doc. 1 does not identify every comparator or provide every detail about each employee's duties and employment history. He alleges that female employees were promoted and paid more for substantially similar work, and that Ms. Marks, an HPS Advocate II, received the Client Specialist position for which he had applied. Doc. 1 ¶¶ 15–17, 37–38. Plaintiff asks the Court to assess those factual allegations under the ordinary pleading standard, not to require evidentiary proof in the complaint. If the Court finds additional factual detail necessary, Plaintiff requests leave to amend with facts he can allege in good faith.

**D. Paragraphs 16–18: Title VII protected activity**

**Paragraph 16.** Alight correctly observes that the EEOC charge filed after termination could not have caused the termination. Plaintiff does not rely on that charge as the protected activity. The complaint alleges that on February 11, 2024, Plaintiff submitted an internal HR/Ethics complaint accusing Howard of harassment, retaliation, and discrimination. Doc. 1 ¶ 28. Plaintiff was subjected to heightened harassment and retaliation after submitting a complaint of harassment and retaliation from his manager, Ms. Howard. Doc. 1 ¶ 30-33. On March 6, 2024, the Plaintiff was fired by Ms. Hwoard, who was currently under investigation for harassment and retaliation. Doc. 1 ¶ 34.

That is the principal Title VII protected activity on which Plaintiff relies. Title VII protects an employee who communicates opposition to conduct the employee reasonably believes is unlawful; no particular legal terminology is required. 42 U.S.C. § 2000e et seq.; *Crawford v. Metro. Gov't of Nashville & Davidson County*, 555 U.S. 271, 276–78 (2009).

**Paragraph 17.** Alight characterizes Plaintiff's complaints as concerning only matters outside Title VII. But Doc. 1 alleges that Plaintiff's February 11 complaint expressly accused Howard of "harassment, retaliation, and discrimination." Doc. 1 ¶ 28. The Court should assess that pleaded communication and its context, rather than assume it concerned only non-Title VII matters. A complaint about unfair treatment unrelated to a protected characteristic would not necessarily be protected; Plaintiff's theory rests on the pleaded complaint of discrimination and the employment actions alleged to have followed.

**Paragraph 18.** The complaint separately alleges that Howard sought Plaintiff's transfer in July 2023 because he refused to ask Starbucks employees whether they planned to become pregnant, and that HR denied the request. Doc. 1 ¶ 22. Plaintiff describes this as an alleged, unsuccessful effort to remove or transfer him, not as protected activity in itself. His principal alleged Title VII protected activity remains the February 11, 2024 complaint.

**E. Paragraphs 19–20: Causation and Alight's performance explanation**

**Paragraph 19.** Plaintiff agrees that Title VII retaliation ultimately requires proof that retaliatory intent was a but-for cause of the challenged action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). But a motion to dismiss tests plausibility, not proof. Title VII's retaliation provision reaches conduct that might dissuade a reasonable worker from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). The complaint alleges that Plaintiff submitted an internal HR/Ethics complaint on February 11, 2024, accusing Howard of harassment, retaliation, and discrimination and raising an ACA-related concern. It further alleges that on February 13 Executive Vice President Allison Bassiouni told a Starbucks executive that she was working with HR and "pushing to be more aggressive" in reviewing Plaintiff's work. Doc. 1 ¶¶ 28–30. Plaintiff learned through a FOIA

request, after the EEOC concluded its investigation, of the Executive Vice President communication and its details. He does not represent that the FOIA materials were part of the original complaint beyond the communication alleged in Doc. 1 ¶ 30.

The complaint also alleges that managers threatened termination beginning February 19, Plaintiff was removed from the Starbucks account on March 1, and he was terminated on March 6 while his Ethics complaint remained active. Doc. 1 ¶¶ 31–35. Considered together, the alleged communication and sequence plausibly support causation; Plaintiff does not contend that timing alone establishes liability.

**Paragraph 20.** Alight emphasizes the March 2023 warning, denied merit increase, and performance-improvement plan. Those events predated Plaintiff's February 11, 2024 HR/Ethics complaint and cannot themselves have been retaliation for that later complaint. But Doc. 1 alleges that Plaintiff completed the improvement plan and was released from it in April 2023, and that he received favorable feedback in September 2023. Doc. 1 ¶¶ 18, 20, 24. Alight's footnote characterizes Plaintiff's allegations as an effort to invent protected activity after termination, but that is advocacy, not evidence, and it mischaracterizes the complaint: Plaintiff alleges that he made an express internal HR/Ethics complaint on February 11, 2024, accusing Ms. Howard of harassment, retaliation, and discrimination. Doc. 1 ¶ 28. The complaint further alleges increased scrutiny, removal from the Starbucks account, and termination after that complaint. Doc. 1 ¶¶ 28–35, 40–41. The Court should assess those allegations under the pleading standard, rather than accept counsel's characterization or resolve the parties' dispute about Alight's performance explanation on a motion to dismiss.

**F. Paragraph 21: Exhaustion of the hostile-work-environment claim**

**Paragraph 21.** Plaintiff agrees that a Title VII plaintiff must exhaust administrative remedies. The scope of a Title VII lawsuit includes claims within the scope of an EEOC investigation that could reasonably be expected to grow out of the charge; the inquiry is fact-specific and turns on the charge's substance, not labels alone. *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970).

Plaintiff's original complaint identifies EEOC Charge No. 460-2024-05109 [Doc. 1 ¶ 7] and the Notice of Right to Sue letter from the Equal Employment Opportunity Commission [Doc. 1-3]. But the actual charge Alight references as "Ex. 1" is absent from Doc. 14 as docketed; Doc. 14-1 is Alight's proposed order, not the charge. The right-to-sue notice attached to Doc. 1 identifies the charge number but does not set out the charge's factual allegations. Plaintiff cannot confirm Alight's description without the actual charge and asks the Court to require that it be filed or otherwise made available before resolving exhaustion.

The complaint alleges that Ms. Howard repeatedly told Plaintiff to find another job, criticized his work, and subjected him to escalating scrutiny after he complained, and that Alight failed to correct the conduct after notice. Doc. 1 ¶¶ 21–24, 35, 43–44. Plaintiff recognizes that retaliation or intimidation alone does not establish a hostile work environment; the claim requires facts showing harassment because of protected activity was severe or pervasive. He does not ask the Court to treat the EEOC rebuttal or other unfiled materials as the charge or as proof of exhaustion. If the actual charge does not encompass the claim, Plaintiff requests leave to amend only if legally available and supportable in good faith.

**G. Paragraph 22: The claim under 29 U.S.C. § 218c**

**Paragraph 22.** The complaint alleges that Plaintiff raised an ACA-related concern with Alight Ethics on February 11, 2024, that Alight knew of the concern, and that Plaintiff was removed from the Starbucks account and terminated afterward. It further alleges that on March 5 the Ethics investigator said Plaintiff's harassment complaint remained active and told him to take whatever external action he considered appropriate concerning the whistleblower complaint because "it was none of our business." Section 218c prohibits an employer from discharging or discriminating against an employee for specified protected activity concerning conduct the employee reasonably believes violates Title I of the Affordable Care Act. 29 U.S.C. § 218c(a). The statute incorporates the complaint procedures in 15 U.S.C. § 2087(b).

Plaintiff alleges that he filed an OSHA whistleblower complaint on March 15, 2024, identified in his administrative materials as No. 301032760. The OSHA materials are not attached to this opposition, and Plaintiff does not ask the Court to infer compliance with a statutory procedure from the existence of those materials or to treat discovery as a substitute for a required administrative filing. If the Court finds the complaint does not adequately plead the filing or its procedural history, Plaintiff requests leave to amend to allege facts accurately and in good faith. If a prerequisite was not met or the allegations are insufficient, Plaintiff requests dismissal without prejudice where legally appropriate, rather than dismissal with prejudice.

**H. Paragraph 23: Requested dismissal and leave to amend**

**Paragraph 23.** Plaintiff respectfully asks the Court to deny dismissal. Alternatively, if the Court identifies a curable pleading defect, Plaintiff requests leave to amend under Rule 15(a)(2), which provides that leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff is proceeding without counsel but recognizes that pro se status does not excuse

compliance with the Federal Rules, applicable local rules, court orders, or statutory prerequisites. Any amendment will be limited to facts Plaintiff can allege in good faith.

**IV. Requested relief**

Plaintiff respectfully requests that the Court:

1. Deny Alight's Motion to Dismiss;
2. Proceed to discovery and then trial;
3. Alternatively, grant Plaintiff leave to amend by a date set by the Court; and
4. If any claim is dismissed, dismiss it without prejudice where legally appropriate and permit amendment where a defect can be cured.

Respectfully submitted,
*/s/ Charles Douglas Hoffpauir*

**Charles Douglas Hoffpauir, Pro Se**
519 Northwood Dr.
Conroe, Texas 77303
Telephone: (281) 520-5533
Email: choff26@icloud.com
Date: October 4, 2026

**CERTIFICATE OF SERVICE**

I certify that on October 4, 2026, I served a true and correct copy of this opposition on counsel for Defendant by email and certified mail, consistent with applicable rules and court orders.

Lewis Brisbois Bisgaard & Smith, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767
(713) 759-6830 (Fax)
Attorneys for Defendant
Alight Solutions, LLC

*/s/ Charles Douglas Hoffpauir*
**Charles Douglas Hoffpauir, Pro Se**

# PRIORITY MAIL EXPRESS®

## FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

United States Courts
Southern District of Texas
FILED

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PS10001000006

EP13F October 2023
OD: 12 1/2 x 9 1/2

UNITED STATES POSTAL SERVICE® Click-N-Ship®

E

usps.com
$33.46
US POSTAGE

9470 1301 0935 5019 0359 42 0334 6001 0007 7002

U.S. POSTAGE PAID

10/04/2026
1 lb 0 oz

Mailed from 77303 372826654052926

PRIORITY MAIL EXPRESS®

Created 2026-10-04
Flat Rate Envelope
RDC 07

C057

CHARLES D HOFFPAUIR
519 NORTHWOOD DR
CONROE TX 77303-1758

WAIVER OF SIGNATURE

UNITED STATES DISTRICT COURT
CLERK'S OFFICE - HOUSTON DIVISION
515 RUSK ST STE 5300
HOUSTON TX 77002-2607

USPS TRACKING #

9470 1301 0935 5019 0359 42

+Money Back Guarantee for U.S. destinations only.

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

PAPER POUCH
how2recycle.info

UNITED STATES POSTAL SERVICE®